IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRYL TAYLOR *

Petitioner * Civil Action No. RDB-11-82
Criminal Action No. RDB-07-307
v *

UNITED STATES *

Respondent *
\*\*\*

## MEMORANDUM OPINION

This "Motion to Vacate, Set Aside or Correct Illegal, Incorrect, Unconstitutional and/or Erroneous sentence pursuant to Rule 60(b)(1)" is filed by pro se litigant Darryl Taylor ("Taylor", an inmate at the United States Penitentiary- Atlanta.

### I. BACKGROUND

Taylor pleaded guilty to one count of possession of a firearm by a convicted felon in violation 18 U.S.C. § 922(g)(1). On September 22, 2008, this Court sentenced him to 180 months imprisonment and three years supervised release. The instant Motion, received for filing on January 7, 2011, seeks to vacate sentence on grounds of: 1) ineffective assistance of plea counsel; 2) improper sentence enhancement; and 3) improper Rule 11 colloquy.

### II. DISCUSSION

#### A. CHARACTERIZATION OF PLEADING

Where an inmate is collaterally attacking the validity of his sentence, the proper vehicle by which to raise this challenge is a 28 U.S.C. §2255 motion. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d at 1194 n. 5; *see also Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not a petitioner's description which determines its status); *United States v. Winestock*, 340 F.3d 200, 2003 (noting courts classify pro se pleadings from prisoners according to content). Although Taylor characterizes his motion as

brought pursuant to "Rule 60(b)," presumably under the Federal Rules of Civil Procedure, it is clear that his intention is to challenge the validity of his sentence which is properly presented under 28 U.S.C. §2255 as a Motion to Vacate, Set Aside or Correct Sentence.

### B. RULE 60(b)(1)

Taylor's claims are not appropriately presented under Rule 60(b)(1) of the Federal Rules of Civil Procedure. Rule 60(b)(1) provides for relief from judgment for mistake, inadvertence, surprise, or excusable neglect, none of which are supported by the facts alleged here. Further, Rule 60(b) contemplates extraordinary relief and exceptional circumstances are not presented here. *See e.g. Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979).

Additionally, the Federal Rules of Civil Procedure do not provide a means for challenging criminal judgments. *See* Fed. R. Civ. P. 1 (stating "these rules govern the procedural in the United States district courts in all suits of a civil nature); *United States v. O'Keefe,* 169 F. 3d 281, 289 (5th Cir. 1999); *United States v. Mosavi,* 138 F. 3d 1365, 1366 (11th Cir. 1998). Rule 60(b) does not substitute for collateral review of criminal judgments. *See United States v. Winestock,* 340 F. 3d 200, 207 (4th Cir. 2003) (distinguishing a successive § 2255 " motion directly attacking the prisoner's conviction or sentence" from a Rule 60(b) motion). Thus, there is no factual or legal basis to grant Rule 60(b) relief in this matter.

### C. 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT

A one-year limitations period applies to § 2255 petitions.[1] A conviction becomes final for the purpose of starting the one-year limitations period: 1) when the opportunity to appeal the

---

[1] 28 U.S.C. 2255(f) provides:
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

district court's judgment expires, 2) when the defendant's opportunity to file a petition for a writ of certiorari expires "within 90 days after entry of the judgment" of the appellate court, *see* U.S. Sup.Ct. R. 13(1); or 3) when the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See United States v. Clay*, 537 U.S. 522, 524-25, 532 (2003).

Taylor did not note an appeal or file for a writ of certiorari. At the time of Taylor's sentencing, Federal Rule of Appellate Procedure 4(b) provided that "defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R.App. P. 4(b).Fed. R. App. P. 4(b)(1)(A)(i) (2005). [2] Consequently, Taylor's judgment became final and the one-year limitations period started to run ten days after entry of judgment and expired one year later. The instant petition, deemed filed on April 14, 2010,[3] was thus untimely filed.

The one-year statute of limitations on § 2255 petitions is subject to equitable tolling. To toll the limitations period under § 2255, Taylor must show

" (1) extraordinary circumstances, (2) beyond his control or external to his conduct, (3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Equitable tolling is allowed only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2004). The Court will

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[2] None of the other events listed in 28 U.S.C. § 2255 (f)(2) are suggested by the instant motion.

[3] The Motion was dated and signed April 14, 2010. The motion was received for filing on January 7, 2011. The postmark on the envelope sent is January 4, 2011. For the purpose of assessing timeliness for this Memorandum Opinion,the Motion shall be deemed delivered to prison officials for mailing on April 14, 2010. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

3

grant Taylor twenty-eight days to show that he is entitled to equitable tolling or that this Petition is otherwise timely. A separate Order follows.

February 7, 2011
DATE

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE