# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRYL TAYLOR | * | |
| Petitioner | * | Civil Action No. RDB-11-82 |
| | | Criminal Action No. RDB-07-307 |
| v | * | |
| UNITED STATES | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

The pro se Petitioner Darryl Taylor ("Taylor") has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Taylor was granted an opportunity to address why the Motion was timely or otherwise subject to equitable tolling. ECF No. 32. Taylor has filed a reply (ECF No. 36) to which counsel for Respondent has filed a Response in Opposition, requesting dismissal of the Motion as time-barred. ECF No. 37. After careful review, the Court determines a hearing is unwarranted. *See* Rule 8 of the "Rules Governing Section 2255 Proceedings in the United States District Courts." For the reasons that follow, the Motion will be dismissed as untimely.

## BACKGROUND

On September 22, 2008, Taylor was sentenced to 180 months imprisonment after he pleaded guilty to one count of possession of a firearm by a convicted felon in violation 18 U.S.C. § 922(g)(1). The instant Motion was received for filing on January 7, 2011.

## ANALYSIS

A one-year limitations period applies to § 2255 petitions.[1] A conviction becomes final for the purpose of starting the one-year limitations period: 1) when the opportunity to appeal the district

---

[1] 28 U.S.C. 2255(f) provides:

court's judgment expires, 2) when the defendant's opportunity to file a petition for a writ of certiorari expires "within 90 days after entry of the judgment" of the appellate court, *see* U.S. Sup.Ct. R. 13(1); or 3) when the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See United States v. Clay*, 537 U.S. 522, 524-25, 532 (2003).

**A. Limitations Period**

As noted above, Taylor was sentenced on September 22, 2008. He did not appeal judgment or file for a writ of certiorari. At the time of Taylor's sentencing, Federal Rule of Appellate Procedure 4(b) provided that "defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A)(i) (2005). [2] Consequently, Taylor's judgment became final and the one-year limitations period started to run ten days after entry of judgment on October 2, 2008, and expired one year later on October 2, 2009. The instant petition, deemed filed on April 14, 2010,[3] was thus filed beyond the one-year period and is untimely unless equitable tolling applies.

---

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[2] None of the other events listed in 28 U.S.C. § 2255 (f) (2) are suggested by the instant motion.

[3] The Motion was dated and signed April 14, 2010, but received for filing on January 7, 2011. The postmark on the envelope sent is January 4, 2011. For the purpose of assessing timeliness for this Memorandum Opinion, the Motion shall be deemed delivered to prison officials for mailing on April 14, 2010. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

### B. Equitable Tolling

The limitations period is subject to equitable tolling if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ( equitable tolling requires a petitioner to show " (1) extraordinary circumstances, (2) beyond his control or external to his conduct, (3) that prevented him from filing on time" ). It is allowed only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2004).

Taylor does not identify any grounds for equitable tolling and the record suggests none. In the absence any basis for equitable tolling, the Motion will be dismissed as time-barred.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where, as here, a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Taylor does not satisfy this standard and the Court declines to issue a certificate of appealability.

## CONCLUSION

For the aforementioned reasons, the Motion will be dismissed as time-barred. A separate Order follows.

<u>May 16, 2011</u>  /s/
DATE  RICHARD D. BENNETT
 UNITED STATES DISTRICT JUDGE