# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARRYL TAYLOR | * |
| | *  Civil Action No. RDB-13-1464 |
| Petitioner | *  Criminal Action No. RDB-07-307 |
| | * |
| v | * |
| | * |
| UNITED STATES | * |
| | * |
| Respondent | * |

## MEMORANDUM OPINION

Pending is Darryl Taylor's "Motion to Correction Illegal, Incorrect/Unconstitutional Sentence," pursuant to 28 U.S.C § 2255 and Rule 60(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 48). The Motion will be dismissed without prejudice.

## PROCEDURAL BACKGROUND

Taylor pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On September 22, 2008, this Court sentenced him to 180 months incarceration and three years of supervised release. His first Motion to Vacate Sentence under 28 U.S.C. § 2255 was dismissed as time-barred on March 7, 2013.[1] *See Taylor v. United States*, Civil Action No. RDB-11-82 (D. Md.).

Taylor filed a second § 2255 Motion which was dismissed without prejudice because it was filed without obtaining requisite appellate pre-filing authorization pursuant to 28 U.S.C. § 2255(h). *See Taylor v. United States, Civil Action*, No. RDB-13-655 (D. Md.). Taylor's appeal of that decision is under review in the United States Court of Appeals for the Fourth Circuit. CA4 No. 13-6899 (ECF Nos. 50 and 52).

---

[1] This constitutes a decision on the merits that rendered future § 2255 motions challenging the same conviction second or successive petitions under § 2244(b). *See Villanueva v. United States*, 346F.3d 55, 61 (2d Cir. 2003).

## DISCUSSION

The instant Motion, filed May 17, 2013, is Taylor's third attempt to attack the validity of his judgment of conviction under 28 U.S.C. § 2255. It is a successive § 2255 motion which this Court may not consider unless prefiling authorization is obtained first from the United States Court of Appeals for the Fourth Circuit. Moreover, in light of Taylor's pending appeal, the instant Motion is premature.

This Court has examined the Motion to determine whether it is properly considered under Rule 60(b). Taylor does not challenge the integrity of this Court's previous denial of his prior § 2255 application; instead, his challenge implicates the validity of his underlying conviction and sentence. *See United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003) (distinguishing a successive § 2255 "motion directly attacking the prisoner's conviction or sentence" from a Rule 60(b) motion which questions the integrity of the habeas proceeding). In any event, Taylor's claims are not appropriately presented under Rule 60(b) which contemplates extraordinary relief and exceptional circumstances not presented here. *See e.g. Compton v. Alton S.S. Co*., 608 F.2d 96, 102 (4th Cir. 1979). The Federal Rules of Civil Procedure do not provide a means for challenging criminal judgments. *See* Fed. R. Civ. P. 1 (stating "these rules govern the procedural in the United States district courts in all suits of a civil nature); *United States v. O'Keefe,* 169 F. 3d 281, 289 (5th Cir. 1999); *United States v. Mosavi*, 138 F. 3d 1365, 1366 (11th Cir. 1998). Rule 60(b) is not a substitute for collateral review of criminal judgments. *See Winestock*, 340 F. 3d at 207.

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *See United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where, as here, a motion is denied on a procedural ground, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Taylor does not satisfy this standard and the Court declines to issue a Certificate of Appealability.

## CONCLUSION

For these reasons, this Court will DISMISS the Motion (ECF No. 48) without prejudice and will DENY a Certificate of Appealability by separate Order to follow.


June 14, 2013                      _____/s/_____  
Date                                 RICHARD D. BENNETT  
                                        UNITED STATES DISTRICT JUDGE